UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI,<br><br>                              Plaintiff,<br><br>            -v.-<br><br>THE WALT DISNEY COMPANY; DISNEY PARKS AND EXPERIENCES WORLDWIDE INC; WALT DISNEY PARKS AND RESORTS U.S., INC.; ROBERT CHAPEK, *both individually and in his capacity as Chief Executive Officer of the Walt Disney Company*; JARED FIELDS; KERRY ALAN SCANLON; AUDREY PUMARIEGA ANGULO; MARGARET C. GIACOLONE; JULIE H. McCONNELL; NUMEROUS UNNAMED EXECUTIVES, EMPLOYEES, STAFF & ATTORNEYS OF THE ABOVE COMPANIES,<br><br>                              Defendants. | 22 Civ. 1766 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act; the Rehabilitation Act; 42 U.S.C. §§ 1983, 1985, and 1986; as well as under California and Florida antidiscrimination laws.  He sues the following defendants: (i) the Walt Disney Company ("WDC"); (ii) Disney Parks and Experiences Worldwide Inc.; (iii) Walt Disney Parks and Resorts U.S., Inc.; (iv) Robert Chapek, the WDC's Chief Executive Officer; (v) Jared Fields, a WDC employee; (vi) Margaret C. Giacalone, Esq., an attorney employed by the WDC; (vii) Julie H. McConnell, Esq., an attorney employed by McDermott Will & Emery LLP; (viii) Kerry Alan Scanlon, a WDC employee; (ix) Audrey Pumariega

Angulo; and (x) "numerous unnamed executives, employees, staff, [and] attorneys of the above companies."

By order dated March 28, 2022, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on the WDC and Defendant Fields. For the reasons discussed below, the Court dismisses Plaintiff's claims against the defendants other than the WDC and Defendant Fields without prejudice to Plaintiff's amending his complaint with respect to those dismissed claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal

2

Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Id.*  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id.* (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief.  *Id.* at 679.

## DISCUSSION

**A.    Service on the WDC and Defendant Fields**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and

3

complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the WDC and Defendant Fields until the Court reviewed the complaint and ordered that summonses be issued for those defendants.  The Court therefore extends the time to serve the WDC and Defendant Fields with the complaint until 90 days after the date that summonses are issued for those defendants.  If the complaint is not served on the WDC and Defendant Fields within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the WDC and Defendant Fields through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for the WDC and Defendant Fields.  The Clerk of Court is further instructed to issue summonses for the WDC and Defendant Fields, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of summonses and the complaint on those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

### B. Claims Against the Defendants Other than the WDC and Defendant Fields

Because Plaintiff alleges virtually no facts about the defendants other than the WDC and Defendant Fields, the Court dismisses Plaintiff's claims against the defendants other than the WDC and Defendant Fields without prejudice to Plaintiff's amending his complaint with respect to those dismissed claims. *See Iqbal*, 556 U.S. at 678 (Rule 8 requires that the plaintiff plead enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (i) issue summonses for the WDC and Defendant Fields, (ii) complete USM-285 forms with the service addresses of the WDC and Defendant Fields, and (iii) deliver all documents necessary to effect service of summonses and the complaint on the WDC and Defendant Fields to the U.S. Marshals Service.

The Court dismisses Plaintiff's claims against the defendants other than the WDC and Defendant Fields without prejudice to Plaintiff's amending his complaint with respect to those dismissed claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438,

444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 31, 2022
       New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. The Walt Disney Company
   77 West 66th Street
   New York, New York 10023

2. Jared Fields
   The Walt Disney Company
   500 South Buena Vista Street
   Burbank, California 91521